# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES COLLINS,
Plaintiff

vs

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
Defendants.

Case No. 1:07-cv-557

Dlott, J.
Black, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against the Ohio Department of Rehabilitation and Correction (ODRC) and the "Southern Ohio Correctional Facility Staff Employees and Prison Officials." (Doc. 1 at 4). The complaint alleges the following:

> The State of Ohio has an obligation to protect thoses (sic) suffering by incarceration for the State of Ohio.
>
> State of Ohio employees for the State of Ohio reckless disregarded his/her obligations, job dutys (sic) and responsibilitys (sic) by causing plaintiff during his incarceration to suffer physical injuries and bodily harm to whom prison officials (State employees) are to protect.
>
> Plaintiff is a[n] inmate suffering by incarceration for the State of Ohio. State of Ohio employees has (sic) an obligation by job dutys (sic) and responsibilitys (sic) to protect thoses (sic) incarcerated for the State of Ohio from any physical injuries and bodily harm.
>
> But State of Ohio employees "has" caused plaintiff while under their care and custody to suffer physical injuries and bodily harm. State of Ohio employees violated their obligations, job dutys (sic) and responsibilitys (sic) when reviewing plaintiff entire initial complaints filed with the court.

(Doc. 1 at 6). Plaintiff goes on to complain about several incidents occurring in February and March 2005 while he was incarcerated at SOCF. These include incidents where a female corrections officer allegedly broke his razor and watched him shower; female corrections officers argued with him about his wanting to shave; corrections officers allegedly took his laundry bag containing his wash cloth, towel, t-shirts, socks, soap, and shampoo; and an officer allegedly

2

denied him a shower, called him a "snitch," threatened him with bodily harm, and used racial slurs against him. Plaintiff also alleges that as a result of several of these incidents, disciplinary action was taken against him. Finally, he alleges that prison officials failed to take appropriate remedial action in response to his complaints. Plaintiff seeks monetary relief.

Plaintiff's complaint must be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983 and because it seeks monetary relief against defendants who are immune from such relief.

To the extent plaintiff's complaint consists of a litany of conclusory allegations against "employees" of the Ohio Department of Rehabilitation and Correction, the Southern Ohio Correctional Facility and/or the State of Ohio, the complaint fails to state a claim for relief under § 1983. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)(citation omitted). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001). In this case, the complaint fails to set forth the specific claims he seeks to bring against the defendants, or the factual bases for such claims. Plaintiff's vague and conclusory allegations against "State of Ohio employees" are insufficient to state a claim for relief under § 1983 and therefore must be dismissed. *Scheid*, 859 F.2d at 437.

In addition, to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege the violation of a right secured by the federal Constitution or laws and that the deprivation was committed by a person acting under color of state law. Neither a prison nor a state corrections

3

department is a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, plaintiff's complaint against the Ohio Department of Rehabilitation and Correction and the Southern Ohio Correctional Facility fails to state a claim for relief under section 1983.

Furthermore, plaintiff's claims against the institutional defendants are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Eleventh Amendment proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984), *overruled in part on other grounds by Will*, 491 U.S. 58. Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983, *see Will*, 49 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979), and the State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir.), *cert. denied*, 474 U.S. 824 (1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The ODRC is a state agency and therefore immune from a suit for damages under the Eleventh Amendment. *See Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453 (6th Cir. 1998). *See also Foulks v. Ohio Department of Rehabilitation and Correction*, 713 F.2d 1229, 1232-34 (6th Cir. 1983). Likewise, the Southern Ohio Correctional Facility is an agency of the State of Ohio and is absolutely immune from suit under the Eleventh Amendment. *See Davidson v. Southeastern Correctional Institution*, 2002 WL 31951266, *2 (S.D. Ohio 2002). Therefore, plaintiff's claims against the institutional defendants must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

4

Assuming, *arguendo*, that plaintiff's complaint could be construed as being brought against the individual officers who allegedly violated his rights, the complaint would nevertheless be barred by the applicable statute of limitations. Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989), citing *Board of Regents, University of New York v. Tomiano*, 446 U.S. 478, 484 (1980). The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury or when he should have discovered it through the exercise of reasonable diligence. *Id.* In the instant case, plaintiff complains about incidents occurring in February and March 2005. Although plaintiff's causes of action accrued in February and March 2005, the statute of limitations was tolled for the period during which plaintiff exhausted the prison grievance procedure. *Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Brown v. Morgan*, 209 F.3d 595 (6th Cir. 2000). The ODRC chief inspector denied plaintiff's grievance appeal on June 8, 2005, at which point the statute of limitations resumed running. The statute of limitations expired on June 8, 2007, two years later. Plaintiff presented his complaint for filing in this Court on July 19, 2007, after the expiration of the statute of limitations. Therefore, even if his complaint were construed as being brought against the

5

individual officers, his complaint would be barred by the statute of limitations and subject to dismissal as frivolous. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) ("Upon review, we conclude that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred the by the applicable statute of limitations."). *See also Watson v. Wayne County*, 90 Fed. Appx. 814, 815 (6th Cir. 2004) (*sua sponte* dismissal of the complaint as frivolous appropriate where statute of limitations defense obvious from face of complaint); *Norwood v. Michigan Department of Corrections*, 67 Fed. Appx. 286, 288 (6th Cir. 2003) (same).

Accordingly, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and because it seeks monetary relief from defendants who are immune from such relief.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Susan J. Dlott, Judge
United States District Court

6